# Church, Appellant, *v.* Delaware, Lackawanna & Western R. R. Co.

*Negligence—Railroads—Trials—Evidence—Conflicting evidence —Instructions on the weight of the evidence.*

1. Exceptional cases arise where it is the duty of the trial judge to express his opinion of the facts and guide the minds of the jury to a correct view of the evidence, and when he does so without misleading or controlling the jury in the disposition of the facts, there is no ground for reversal.

2. On the third trial of an action against a railroad company to recover damages for personal injuries sustained by plaintiff while alighting from a train, where plaintiff and another witness testified that the plaintiff was in the act of alighting when the train suddenly started without signal, and plaintiff was thereby thrown to the ground and injured; but eleven witnesses, eight of whom were disinterested, testified that the train was moving when the plaintiff passed from the car to the platform, and plaintiff's testimony was further contradicted by her own testimony on a previous trial, the court did not err in calling the jury's attention to the fact that plaintiff's evidence was overwhelmingly contradicted by that of the defendant, and to the further fact that plaintiff was an interested witness.

Argued April 12, 1915. Appeal, No. 231, Jan. T., 1914, by plaintiffs, from judgment of C. P. Columbia Co., Dec. T., 1911, No. 88, on verdict for defendant, in case of Almon A. Church and Martha E. Church v. The Delaware, Lackawanna and Western Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiffs appealed.

*Errors assigned* were instructions to the jury.

*Paul J. Sherwood,* with him *C. A. Small* and *Wm. H. Rhawn,* for appellants.

*Fred Ikeler,* with him *Alex. C. Jackson, J. H. Oliver* and *D. R. Reese,* for appellees.

OPINION BY MR. JUSTICE STEWART, May 26, 1915:

The action was brought by husband and wife to recover damages for injuries received by the latter while a passenger on one of the defendant company's trains. The statement of claim recited that the train in which Mrs. Church, the party injured, was a passenger having reached Beach Haven, the point of her destination, there stopped, and passengers for this station were invited to alight; that Mrs. Church in attempting to do so had moved forward from her seat, proceeded out to the platform of the car, and was upon the steps of the platform in the act of alighting when the train was suddenly and without signal started; that she then turned and endeavored to go back inside the car to find the conductor when, just as she did so, and while she was still upon the steps, the train started suddenly and she was thrown to the ground and injured. It is enough to say that her own testimony on this latest trial of the case supported these several averments. One other witness, a passenger in the same car, testified that when Mrs. Church passed through the door to the platform the car was at rest. Other witnesses were called on behalf of plaintiffs none of whom however testified with respect to the very material question of whether the train was at rest or moving when Mrs. Church passed out of the car. The contention of the defendant was that the train made a stop longer than usual at Beach Haven; that reasonable time was there afforded passengers to alight, but that Mrs. Church remained seated in the car after the train had stopped, and proceeded to leave the car only after the train had started; that the train was already moving when she left her seat and before she passed through

the door to the platform, and was moving with increased speed when she descended the steps; and that her injuries resulted either from her jumping from the train when in motion, or from being thrown from the steps of the platform by the ordinary motion of the train. Some eleven witnesses called by the defendant, passengers in the same car with Mrs. Church, testified, in a way most direct and positive, that the train was moving on its way from the station when Mrs. Church passed out of the door of the car to the platform. Eight of these witnesses stood in no relation to the defendant company except as passengers, and three were employees. Several of the eight sat immediately opposite Mrs. Church in the car, and testified that after the train had started from the station she arose from her seat and approaching where they sat asked of them the question, "Is this Beach Haven?" and on being told that it was she turned back to her seat, gathered up her parcels, then went forward, opened the car door and passed out. These witnesses all unite in saying that she was under their immediate observation, and that the train was moving when she passed out of the car. Nothing contradictory is to be found in the testimony of any two of them. Recurring now to the testimony introduced by plaintiffs, it is to be remarked that this was the third opportunity the plaintiff, Mrs. Church, had to testify in court as to the circumstances under which she received her injury. This was the third time the case was tried. Her testimony on the former trials was introduced on this. It is sufficient to say that upon this last trial it was in marked contradiction to that given on the former trials, and that too with respect to a most material matter, the position she occupied in the car when the train began to move. And again; the witness who supports her in her present claim that the train was at rest when she passed out of the car, while a passenger with opportunity to observe, in testifying as she did was recalling a condition with respect to the train, ordinarily unimportant, that had

existed nearly four years before, as affecting a person to whom she was an utter stranger, and which had been recalled to her attention but a month before she testified. This witness had not testified on either of the former trials. There was some conflict of testimony in regard to the length of the train stop at Beach Haven, but the great weight of evidence was in favor of the defendant's contention, and the jury so found. The trial resulted in a verdict for the defendant, and the appeal raises but a single question. The whole burden of the complaint is that the charge of the court was unfair in that it was one-sided, and the several assignments are but specifications of matters of alleged omission and commission which are relied on in support of the complaint. One of these complains of repeated misstatements of evidence. While some inaccuracies of this character are pointed out, it is impossible to see how any prejudice could have resulted therefrom to the plaintiffs. They were not with respect to material matters, and even though they were, the jury were carefully instructed to depend not on the court's recital of the evidence, but upon their own recollection of it. Furthermore, the alleged misstatements were suffered by counsel to go uncorrected; the attention of the court was not called to them, and no motion for a new trial was made. Another specification directs attention to the following instruction contained in the charge; "As a general rule a witness who is interested in the result of a suit in court is not as apt to be as honest, candid or fair in his or her testimony as one who is disinterested. The plaintiffs are perhaps the most intensely interested witnesses who were called in the cause, but some of the witnesses called on the part of the defendant may be said to be interested witnesses, the men in charge of the train and those that were in the employ of the defendant company. But their interest is not nearly as great as is that of Mr. and Mrs. Church." This instruction is not above criticism. While it is always proper for the court in referring to the tes-

timony to call attention to the fact of a witness' interest in the result, if it exist, it is for the jury to determine to what extent, if any, that interest has affected the witness' testimony.   There is no general rule such as indicated by the court.   The time was when parties having interest in the result were excluded as witnesses, and it is altogether likely that that was in consequence of a supposed general rule as stated in the charge; but it is so no longer; interest does not disqualify, and while it may affect credibility, it is always for the jury to measure the extent.   Again; the word "honest" might well have been omitted from the instruction.   As here used, however, the word is not to be given the meaning ascribed by appellants; it was not personal honesty that was meant but freedom from bias in statement of fact; and this clearly appears from the context.   We are directed in another specification to this which occurs in the charge:

"In order to return verdicts for the plaintiffs in this case you must credit the story of Mrs. Church as to how the accident happened, Mrs. Church and her husband, and the woman from Shickshinny, Mrs. Levi Dietterick, and in effect discredit and disbelieve practically all of the evidence of the large number of witnesses who testified on the part of the defendant as to how the accident happened.   The evidence of the defendant's witnesses squarely contradicts the evidence of Mrs. Church as to how the accident happened and overwhelmingly so."

This unquestionably was strong language from the bench.   To decide whether it was stronger than the case warranted has required of us a very careful examination of all testimony in the case.   We said in the case of Leibig v. Steiner, 94 Pa, 466, "Exceptional cases arise where it is the duty of the judge to express his opinion of the facts and guide the minds of the jury to a correct view of the evidence; and, therefore, it has been settled that when he does so without misleading or controlling

them in the disposition of the facts, there is no ground for reversing. Often the court below is better able than the court of review to judge of the propriety or necessity of commenting on the evidence or the character of witnesses." That the testimony of the witnesses for the defendant squarely contradicted that of Mrs. Church and the one witness who supported her with respect to the one vital question in the case, rested not in opinion, but was a patent fact about which there could be no dispute. Was it an overwhelming contradiction? That was matter of opinion. Was this such an exceptional case as made it the duty of the trial judge to express an opinion that the contradiction was overwhelming, assuming, as most likely the case, that the jury would understand the court to mean by overwhelming that it overcame the testimony offered on part of the plaintiffs. Our examination of the testimony has satisfied us that in so charging the trial judge was fully warranted. The case was exceptional, not in the mere fact that the circumstances which would warrant a recovery were testified to only by Mrs. Church herself and a single witness called by her, while a greater number of witnesses testified to the exact reverse, but in the added fact, that the plaintiff's testimony was in direct contradiction of her own testimony with respect to the one vital fact of the case on an earlier trial, and the one witness here supporting her in her testimony was recalling, after more than three years from the occurrence, a circumstance which as the witness then saw it could have been of little or no importance, and that too without suggesting anything that attracted her attention to it or impressed it upon her recollection. It was all these circumstances that gave such decided preponderance to defendant's evidence as to the disputed fact, that a verdict for the plaintiffs could only have been regarded as so erratic as to call for a new trial. A careful reading of the charge has disclosed nothing that was misleading, nothing which denied to the jury their exclusive right of making their

own findings with respect to the facts of the case. Of this exclusive right they were several times reminded in the charge. If there was leaning toward the defendant—and that there was is apparent—it was no more than was due the manifest strength of the defendant's case. The trial judge was as impartial in the conduct of the case throughout as a proper regard for distributive justice would permit. There is nothing in the remaining specifications of error that calls for consideration. The assignments of error are overruled and the judgment is affirmed.